**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**THEODORE R. VAUGHAN,**
          **Plaintiff,**

**-vs-**                                      **Case No. 6:03-cv-1511-Orl-18DAB**

**MORGAN STANLEY DW INC.,**
**f/k/a Dean Witter Reynolds, Inc.,**
          **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT'S MOTION FOR ATTORNEY'S FEES (Doc. No. 74)**
>
> **FILED:** March 30, 2005
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff filed suit against his former employer Defendant Morgan Stanley for age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 and the Florida Civil Rights Act (FCRA), Florida Statute § 760.10. The Court granted summary judgment to Morgan Stanley on March 15, 2005. Morgan Stanley now seeks its attorney's fees, in the approximate amount of $165,000, as the prevailing party on Plaintiff's claims under Florida Statute § 760.11. Morgan Stanley concedes that it is not entitled to an award of attorney's fee as prevailing Defendant because it cannot meet the standard to obtain an award under the ADEA, *i.e.*, that the

Plaintiff litigated in bad faith. *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1437 (11th Cir. 1998). Plaintiff contends that Morgan Stanley is not entitled to any fees because (1) the federal and state claims are intertwined and Morgan Stanley does not identify any fees devoted solely to the FCRA claim; and (2) Morgan Stanley cannot meet the standard under *Christianburg Garment*.

The American Rule provides that in the absence of legislation providing otherwise, each party must pay their own attorney's fees. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 244 (1975). Florida Statute § 760.11 provides that, "in any proceeding under this subsection, the Court, in its discretion, may allow the prevailing party a reasonable attorney fee as part of its cost." Under the federal discrimination laws, Congress has provided limited exceptions to the American rule. Florida Statute § 760.11 is to be construed in a manner consistent with 42 U.S.C. § 1988(b), which gives the court the discretion to allow a prevailing party, other than the United States, a reasonable attorney's fee in certain federal civil rights cases.

When the prevailing party is the defendant, public policy concerns support a more stringent standard than merely winning the suit. In such a case, the Court may award fees to a prevailing defendant if the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). "Frivolous" or "without foundation" means more than the fact that a plaintiff may ultimately lose his case. *Hughes v. Rowe*, 449 U.S. 5 (1980). In determining whether to assess attorney's fees, the District Court must examine 1) whether the Plaintiff established a prima facie case, 2) whether the Defendant offered to settle, and 3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. *Sullivan v. School Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985).

Plaintiff worked in Morgan Stanley's Winter Park branch as a financial advisor for more than four years before being terminated at the age of fifty-nine during a reduction in force ("RIF") that dismissed some 1,000 brokers. Brokers with less than 2 years of experience were exempt from the RIF; brokers with between 3 and 7 years of experience were exempt from the RIF if they produced gross fees of $100,000 for Defendant; and brokers with more than 8 years of experience–the group into which Plaintiff fell–needed to generate fees of $120,000 to survive the RIF. Because Plaintiff had total annualized revenue of $90,970, he was terminated on November 18, 2002, even while new brokers were allegedly being hired. Plaintiff argued that the RIF systematically discriminated against brokers over the age of forty (disparate impact); and that Morgan Stanley intentionally discriminated against workers over forty years of age (disparate treatment).

The Court entered summary judgment for Morgan Stanley on Plaintiff's ADEA disparate impact claim on the basis of what was at the time well-settled Eleventh Circuit case law that the ADEA did not authorize such claims, citing *Adams v. Florida Power Corporation*, 255 F.3d 1322, 1326 (11th Cir. 2001). *See* Doc. No. 70 at 7 n.6, at 9. That holding has since been rejected by the United States Supreme Court's decision in *Smith v. City of Jackson, Mississippi*, __ U.S. __, 125 S. Ct. 1536 (March 30, 2005) in which the Court (Justice Scalia concurred in part and concurred in the judgment in part) held that the ADEA does authorize a disparate-impact theory of liability. *Id*. at 1542-43 n.9 (Eleventh Circuit wrongly concluded that no disparate impact claim existed under the ADEA following the Supreme Court's 1993 *Hazen Paper* decision). Certainly Plaintiff's disparate-impact theory of liability was not without foundation, given the subsequent interpretation to the ADEA in that area.

On Plaintiff's disparate treatment claim, the Court also found that Plaintiff stated the first two elements of a prima facie case, but that Plaintiff failed to produce sufficient evidence to show that two younger new hires in the same office (one hired on the very day Plaintiff was terminated) were actually hired to replace Plaintiff, particularly in the face of Morgan Stanley's evidence that these new employees did not take over Plaintiff's duties. Doc. No. 70 at 10. The Court also rejected Plaintiff's evidence that his branch manager had told him, "[I]t's tough getting old," as nothing more than a stray remark, which was not said near in time to Plaintiff's termination. Doc. No. 70 at 11. Although Morgan Stanley's arguments for summary judgment were more persuasive and Plaintiff's evidence not enough to survive the motion, it is apparent that the case was not completely without foundation in the sense contemplated in *Christiansburg Garment*. Accordingly, it is hereby recommended that Defendant's Motion for Attorney's Fees (Doc. No. 74) be **DENIED**, as Defendants have failed to meet the heightened standard required under state and (by construction) federal discrimination laws.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 24, 2005.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record